# E.

## Case No. 18,293.

### EASBY et al. v. EASBY.

[2 Hayw. & H. 207.] [1]

Circuit Court, District of Columbia.     June 13, 1856.

#### EXECUTORS—RENOUNCING.

An executor could renounce his right as executor after acting as such, and be relieved from his responsibility.

At law. This was an appeal from the orphans' court, growing out of the will of William Easby. Among the questions decided by Judge Purcell was that the widow of William Easby and executrix, associated with others as executors of her husband's will, could join in letters testamentary with the executors, and after acting with them for several months renounce her right as executrix and be released from her responsibility as such.

Webb & Carlisle, for appellant.

J. H. Bradley, for appellee.

THE CIRCUIT COURT affirmed above decision.

---

ELECTION LAWS—CHARGE TO GRAND JURY IN RELATION TO ILLEGAL VOTING. See Case No. 18,254.

ELLSWORTH v. BANK OF WASHINGTON. See Case No. 18,294.

---

## Case No. 18,294.

### ELLSWORTH v. GUNTON et al.

[2 Hayw. & H. 21.] [2]

Circuit Court, District of Columbia.     Dec. 11, 1850.

#### BANKS—DEMANDING PAYMENT OF NOTES—BURDEN OF PROOF.

In an action against a bank on a promissory note taken for collection, the burden of proof rests with the bank to show that the notary made the proper demand on the maker of the note, either at his place of business or at his residence.

At law. Suit on a promissory note [by Erastus L. Ellsworth against William Gunton and others, under the name of the Bank of Washington].

The following is the note on which action was brought: "Washington, January 15th, 1845. Sixty days after date I promise to pay M. N. Falls, or order, two hundred and fifty dollars for value received, with interest

[1] [Reported by John A. Hayward, Esq., and Geo. C. Hazleton, Esq.]

[2] [Reported by John A Hayward, Esq., and Geo. C. Hazleton, Esq.]

from date. Thomas B. Addison." Endorsed by M. N. Falls and Erastus L. Ellsworth.

Declaration: "Whereupon the plaintiff, by Joseph H. Bradley, his attorney, complains that whereas, heretofore, to wit: on or about the first day of March, in the year 1845, at the county aforesaid, he being the true owner and holder of a certain promissory note, bearing date at Washington, to wit, at the county aforesaid, the 15th day of January, 1845, made by a certain Thomas B. Addison, whereby sixty days after the date thereof the said Thomas B. Addison promised to pay Moore N. Falls, by the name of M. N. Falls, or order, two hundred and fifty dollars for value received, with interest from date, and delivered the same to said Moore N. Falls, and the said Falls endorsed and delivered the same to the plaintiff before it became due and payable; and the said plaintiff being the owner and holder as aforesaid of the said note, and wishing to collect the same, and being desirous to have the payment of the said note duly and lawfully demanded of said Addison, according to the law and the usage and custom of merchants, and in event of the failure of said Addison to pay the same on such demand being made, to have due notice of the non-payment thereof given to the said Moore N. Falls, according to law and the usage and custom aforesaid; and the said defendants being then and there engaged in the business of banking in the said city, the said plaintiff requested said defendants, in the due and ordinary course of their business, to receive the said note from said plaintiff and collect the same for the use and benefit of said plaintiff, and to demand the payment thereof from the said Addison as aforesaid, and to give notice as aforesaid to said Falls, in the event of said Addison failing to pay the same; and the said defendants in consideration thereof, and in the usual course of their said trade and business, did agree with said plaintiff to receive and collect the said note, and duly and lawfully to demand the payment thereof from said Thomas B. Addison, and on his failure to pay the same on such demand to give due notice thereof to said Moore N. Falls; and the plaintiff in fact saith that relying on the said promise and undertaking of said defendants, he did then and there to wit, on the first day of March, 1845, deliver the said note to the said defendants, and the said note was not paid at the maturity thereof. Yet the said defendants, not regarding their said promise and undertaking, did not, nor would when the said note was and became due and payable, to wit: on the 19th day of March, 1845, at the county aforesaid, lawfully and duly demanded payment of the same of the said Thomas B. Addison, but

utterly failed and neglected so to do, and did not give due notice of the non-payment thereof to the said Moore N. Falls, whereby the said plaintiff utterly lost all remedy against and demand upon the said Moore N. Falls as endorsor on said note, and the said sum of money hath not been paid to the said plaintiff to this day; to the damage of the plaintiff $500, and therefore he sued. Joseph H. Bradley, Plaintiff's Attorney."

On the 19th day of March, 1845, the note was presented at the maker's last place of business in Washington, and demand was made there for payment, and the notary was answered, "Mr. Addison has left this office and it cannot be paid here." The usual plea was made by the counsel for the defendant.

The following instructions appear to have been given to the jury in the case: "If from the whole evidence aforesaid the jury shall find that the note in the said declaration mentioned was made upon a full consideration by said Thomas B. Addison and delivered to M. N. Falls, and was endorsed by said M. N. Falls, and was the property of the plaintiff at the time it fell due, and was deposited by him with the defendants, through their agent, William Fuller, for collection, that the maker of said note resided in Georgetown, that when the same became and fell due the defendants did not present the same, neither at the place of business or abode of the maker of said note, and made no enquiry as to his place of business or abode the plaintiff is entitled to recover, and the burden of proof to show that the notary did make such enquiry is on the defendants, and there is no evidence in this cause that he did make such enquiry."

Verdict for the plaintiff. The following motion was made to set aside the verdict: "Because the jury have rendered a verdict for damages, with interest thereon, which defendants, by their attorney, objected to as illegal."

Joseph H. Bradley, for plaintiff.
I. Hellen, for defendants.

Motion overruled, and judgment rendered on the verdict for the amount of the note, with interest, from January 15, 1845, and costs.

ENFORCEMENT ACT, CHARGE TO GRAND JURY IN RELATION TO ENFORCEMENT ACT OF MARCH 31, 1870. See Case. No. 18,252.

# F.

FEES. See Cases Nos. 18,282–18,284, 18,290, 18,295.

## Case No. 18,295.

### FEES FOR REGISTERING.

[10 N. B. R. 141.] [1]

District Court, E. D. Michigan. June 27, 1874.

FEES OF REGISTER IN BANKRUPTCY.

1. The fee of the register for taking an ordinary proof of debt, since the recent amendment went into operation, is one dollar and eighty-seven and a-half cents.

2. For examining and filing a proof of debt taken before any other officer, fifty cents is the proper fee to be charged.

When the bankrupt act first went into operation, the tariff of fees for proving debts was construed to authorize the charge of about one dollar to the officer who took the proof, and twenty-five cents in addition to the register by whom it was received and filed, making the usual charge, for proofs of the usual length, one dollar and twenty-five cents, or thereabouts. This tariff was changed by the supreme court about two years ago, so as to authorize a charge for the same service of at least double that existing before. The change was so great that very few, if any, registers in bankruptcy charged the whole amount allowed by the law. Some made no change at all in their charges; others advanced at varying rates, with so little uniformity, that, in some places, more than

[1] [Reprinted from 10 N. B. R. 141, by permission.]

twice as much was charged as in others. The recent amendment of the bankrupt act, by which certain fees are to be reduced to one-half, has made it necessary to ascertain what fees are now allowable for taking and filing proofs of debt in bankruptcy. The register of bankruptcy in Detroit submitted to Judge Longyear, for his consideration and determination, the following question and opinion thereon: "What fees are taxable for taking proofs of debt in bankruptcy, assuming that the deposition which presents the proof contains more than five hundred and fifty words, and that not to exceed one hour was consumed in taking the proof?"

Opinion by HOVEY K. CLARKE, Register in Bankruptcy:

Proofs of debt in bankruptcy must be "verified by a deposition in writing." Section 22 of the act as originally enacted. Section 47 provides "for taking depositions the fees now allowed by law." The fees "allowed by law," were fixed by the act of 1853, under the head of "Commissioner's Fees." "For administering an oath, ten cents," and "for taking and certifying depositions to file, twenty cents for each folio of one hundred words;" and the same act provides that an excess of fifty words shall be counted as one folio. The fees, then, for taking a proof of debts, as fixed by the act, for a deposition containing more than five hundred and fifty words, would be one dollar and twenty cents, and for administering the oath, ten cents,—one dollar and thirty cents. By general order 30, as promulgated by the supreme court at the December term, 1871, it is provided that, "in addition to the fees expressly allowed by the bankrupt act, there shall be